Singh v. Lynch

BIA
Vomacka, IJ
A087 997 710

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SIMARGID SINGH,
> *Petitioner,*

v.                                                    14-4272
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard W. Chen, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T. O'Connor, Assistant Director; Joseph D. Hardy, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Simargid Singh, a native and citizen of India, seeks review of an October 15, 2014, decision of the BIA, affirming a July 31, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simargid Singh,* No. A087 997 710 (B.I.A. Oct. 15, 2014), *aff'g* No. A087 997 710 (Immig. Ct. N.Y. City July 31, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the IJ's decision as modified by the BIA, i.e., minus the IJ's findings that the BIA explicitly declined to consider in affirming the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards

2

of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on Singh's demeanor, noting that his testimony was often unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record.

The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. For example, Singh testified that he was beaten on three separate occasions (once while shopping near a political rally, once while attending a political

3

meeting, and a third time in his parents' home), but in his asylum application and during his credible fear interview, he discussed only two attacks (at the political meeting and at his parents' home). *See Xiu Xia Lin*, 534 F.3d at 164, 166-67 & n.3. Further, Singh testified to a significant wrist injury suffered during one of the attacks, but he had not mentioned the injury in either his application or credible fear interview. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Singh did not provide a compelling explanation for any of the record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The agency also reasonably relied on the vagueness of Singh's testimony, despite efforts to elicit more details. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, as here, the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for incidental details."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). He could not provide any details as to how many people attacked him, or what month or time of year the attacks occurred.

4

Having questioned Singh's credibility, the IJ reasonably relied further on his failure to provide certain corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh did not provide any medical documentation from India or the United States to corroborate his alleged injuries. He also did not corroborate his religious practice in the United States, although he testified that he attends services twice a day, every day. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Given the demeanor, inconsistency, vagueness, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We do not consider Singh's ineffective assistance claim because he did not exhaust it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 118-24 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk